UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PEABODY INVESTMENTS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 1675 RWS |
| | ) | |
| APEX SOLUTIONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Peabody Investments Corporation's ("Peabody") Motion for Substitution of Parties and Counsel [75]. Peabody seeks to substitute Todd Lopez, Personal Representative of the Wrongful Death Estate of David E. Warren, III, deceased ("Warren's Estate"), for the Plaintiff in this action.[1] Defendant Apex Solutions, LLC ("Apex") filed a Response to Peabody's motion stating that Apex does not oppose the substitution. Defendant Mid-Continent Casualty Company ("Mid-Continent") filed a Response in opposition to Peabody's motion. For the reasons set forth below, I will grant Peabody's motion to substitute.

[1] Counsel for Warren's Estate is: Tyson E. Logan, Esq. and Sarah A. Kellog, Esq., Logan Trial Lawyers, LLC, 505 Powderhorn Lane, Unit 5, Jackson, Wyoming, 83001. Peabody has represented that Sarah A. Kellog and Tyson E. Logan are now admitted to this Court. *See* ECF. No. 79 at ¶ 3.

**Background**

This action arises out of a wrongful death lawsuit initiated in the First Judicial District Court for New Mexico, Santa Fe. Warren's Estate brought claims against Peabody based on Mr. Warren's alleged wrongful death while working in Peabody's El Segundo Coal Mine located in New Mexico. *See* ECF. No. 2-2. The complaint in the wrongful death lawsuit alleged that Mr. Warren was an employee of Apex and was working as a contract worker at the El Segundo Coal Mine at the time of the alleged incident resulting in his death. *Id.* at ¶¶ 1, 37. The complaint sought damages against Peabody and Peabody's subsidiary El Segundo Coal Company, LLC ("El Segundo"), and its employees Seth Puls and William Jarrell. *Id.* at 2.

On August 14, 2025, Peabody filed its Second Amended Declaratory Judgment Petition ("the Petition") in the Circuit Court for St. Louis County, Missouri, against Apex and Mid-Continent. *See* ECF. No. 14. On November 13, 2025, Mid-Continent removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. This case was then transferred to me on May 15, 2026. On August 27, 2026, the case *Mid-Continent Casualty Company v. Peabody Investments Corporation*, 4:26-cv-01366-RWS, was transferred to me from the United States District Court for the District of New Mexico as a case related to this action. On September 11, 2026, that case was consolidated with the present action.

Peabody seeks a declaratory judgment that Apex has a duty to defend and indemnify Peabody for losses incurred from the underlying wrongful death action pursuant to a Master Performance Agreement ("the MPA") executed between the parties. ECF. No. 14 at ¶¶ 37-45. Peabody further alleges that Mid-Continent issued an insurance policy to Apex and is required to provide "additional insured" coverage to Peabody under the relevant insurance policy. *Id.* at ¶¶ 46-57. Peabody seeks a declaratory judgment that Peabody is an additional insured under the relevant insurance policy and that Mid-Continent is required to defend and indemnify Peabody for losses incurred in the underlying wrongful death action. *Id.*

Peabody filed its motion for substitution pursuant to Federal Rule of Civil Procedure 25(c)[2] based on an assignment of its claims in this case to Warren's Estate. ECF. No. 75 at ¶ 2. Peabody states that the assignment was part of a settlement agreement in the underlying wrongful death action brought by Warren's Estate against Peabody. *Id.* Peabody asserts that Warren's Estate is now the real party in interest as to all claims previously asserted by or against Peabody in this case. *Id.*

[2] Peabody states that pursuant to Fed. R. Civ. P. 25(a)(3), the instant motion was served on all parties as provided in Fed. R. Civ. P. 5 and on Warren's Estate as a non-party as provided in Fed. R. Civ. P. 4. ECF. No. 75 at ¶ 4.

## Legal Standard

Rule 25 of the Federal Rules of Civil Procedure sets forth the procedure for substitution of parties. *Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010). "[I]f a party transfers an interest while a case is pending, 'the action may be continued by or against the original party[.]' " *Id.* (quoting Fed. R. Civ. P. 25(c)). "The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978). The court, upon motion, "may order 'the transferee to be substituted in the action or joined with the original party[.]' " *Kuelbs*, 615 F.3d at 1042 (quoting Fed. R. Civ. P. 25(c)).

Rule 25(c) is "designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (citing *Gen. Battery Corp. v. Globe–Union, Inc.*, 100 F .R.D. 258, 261 (D.Del.1982)) (internal quotations omitted). It is a procedural rule that "allows for the efficient operation of the federal courts in the event of a transfer of interest." *Mil Acquistion Venture, L.P. v. Ave. C-Stores, Inc.*, No. 5:11-CV-06037-BCW, 2012 WL 4468755, at *2 (W.D. Mo. Sept. 27, 2012) (internal quotation omitted).

## Discussion

Mid-Continent asserts that Peabody failed to meet its burden to demonstrate that substitution is proper in this case. At the time Mid-Continent filed its opposition brief, Peabody had not produced any proof of the assignment or the alleged settlement agreement to the Court. Mid-Continent argues that Peabody is required to present evidence of the assignment and "validity of the assignment," including the alleged settlement agreement from the underlying wrongful death action. ECF. No. 83 at 2. Mid-Continent maintains that the alleged settlement agreement must be reviewed by the Court to determine whether the assignment is "invalid or collusive," whether the assignment is conditional or incomplete, or whether the assignment is invalid for other reasons provided in the settlement agreement. *Id.*

I find that Mid-Continent over-states the burden for demonstrating that substitution is proper based on an assignment of claims. Courts within this circuit have found that a copy of the assignment agreement or declarations supporting the assignment sufficient to demonstrate a transfer of interest in the litigation. *See, e.g.*, *Jalin Realty Cap. Advisors, LLC v. A Better Wireless, NISP, LLC*, No. 11-CV-165 (JRT/LIB), 2017 WL 1968285, at *4 (D. Minn. Apr. 18, 2017) (granting motion to substitute parties where movant presented two declarations and the movant's attestation that claims for fees had been assigned as sufficient evidence of

the assignment); *Sabreliner Corp. v. Gen. Elec. Co.*, No. 1:14-CV-2 SNLJ, 2014 WL 2013357, at *1 (E.D. Mo. May 16, 2014) (finding there was "no real debate" that interest in the litigation was transferred where party provided a copy of the assignment agreement). Moreover, the Eighth Circuit has found that motions to substitute pursuant to Rule 25 should be freely granted. *In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010) ("[T]he Advisory Committee on the 1963 amendments to Fed. R. Civ. P. 25 intended that motions to substitute be freely granted."); *see also In re Pork Antitrust Litig.*, No. CV 18-1776 (JRT/JFD), 2024 WL 2819438, at *3 (D. Minn. June 3, 2024) (noting that "courts have found substitution appropriate where a claim is assigned") (citing *ELCA Enters., Inc.*, 53 F.3d at 191; *Columbian Bank & Trust Co. v. Miller*, 384 Fed. App'x 524, 525 (8th Cir. 2010)).

In its Reply brief, Peabody attached the Assignment Agreement and the Affidavit of Todd Lopez as evidence in support of its motion. The Assignment Agreement is signed by Peabody and Mr. Lopez on behalf of Warren's Estate. The agreement states,

> **Assignment of Claims:** In exchange for the Releases as set forth in the separate Confidential Settlement Agreement and Release between Peabody Defendants and Plaintiff in the Wrongful Death Action, Peabody irrevocably assigns, conveys, and transfers to Warren, without condition or limitation, all of its rights, title, and interest in and to its claims against Apex and Mid-Continent for defense and/or indemnity related to the Wrongful Death Action, including but not limited to all claims asserted in the Declaratory

> Judgment Action. By this Assignment, Warren shall be deemed the legal owner, assignee, real party in interest, and proper party to assert any and all claims Peabody has or may have against Apex and/or Mid-Continent with respect to any defense or indemnity owed in the Wrongful Death Action. ECF. No. 84-1 at 5.

The Assignment Agreement states that New Mexico law shall govern the agreement. *Id.* at 6. New Mexico law permits the assignment of third-party indemnity claims. *See Leger v. Gerety*, 2022-NMSC-007, 503 P.3d 349, 359 (permitting assignment of hospital's third-party indemnity claim to wrongful death estate and finding "[the estate's] status in the indemnification lawsuit is first and foremost as an indemnitee, not as a tort plaintiff."). "An assignee [of an indemnitee's] … cause of action stands in the same position as the [indemnitee]." *Employers' Fire Ins. Co. v. Welch*, 1967-NMSC-248, 78 N.M. 494, 495. The Assignment Agreement unequivocally transfers all of Peabody's "rights, title, and interest" in this case "without condition or limitation." *See, e.g.*, *Mil Acquistion Venture*, 2012 WL 4468755, at *1 ("Plaintiff sought substitution because…M & I Marshall & Isley Bank *assigned to Plaintiff all right, title, and interest* in the loan and guaranties *that are the subject of this action*.") (emphasis added). Further, the Affidavit of Mr. Lopez confirms that he signed the Assignment Agreement on behalf of Warren's Estate and agrees with the relief sought in the instant motion. ECF. No. 84-1 at 2.

Here, Warren's Estate would "step into the shoes" of Peabody, and the nature of this action would remain unaffected by the substitution. *Mil Acquistion Venture,* 2012 WL 4468755, at *2 (finding substitution was appropriate where original plaintiff was replaced as sole party-plaintiff but "[t]he nature of [the] action remained unaffected"). The parties would continue to brief Mid-Continent's pending Motion for Summary Judgment, and the action would "continue[] unabated." *Id.*; *see* ECF. No. 79 (suggesting amended briefing schedule for pending summary judgment motions if motion to substitute is granted). Peabody indicated that if I do not allow substitution, Warren's Estate may pursue a separate lawsuit with claims for bad faith and breach of contract. ECF. No. 84 at 3. Rule 25 is designed to prevent such repetitive or duplicative litigation. *See ELCA Enters.*, 53 F.3d at 191. As a result, I find that substitution in this case would serve the interests of judicial economy and the efficient operation of the federal courts. *See* Fed. R. Civ. P. 1 ("These [Federal Rules of Civil Procedure]…should be construed to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Because I find that substitution of Warren's Estate for Peabody is appropriate pursuant to Fed. R. Civ. P. 25(c), I will grant Peabody's motion. Upon entry of this Order, counsel for Warren's Estate shall enter their appearances in this

action. I will set the amended briefing schedule for the remaining briefs for Mid-Continent's pending Motion for Summary Judgment below.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Peabody Investments Corporation's Motion for Substitution of Parties and Counsel [75] is **GRANTED.**

**IT IS FURTHER ORDERED** that the caption of this case shall now be *Todd Lopez, in his capacity as Personal Representative of the Wrongful Death Estate of David E. Warren, III, deceased v. Apex Solutions, LLC, et al.*

**IT IS FURTHER ORDERED** that upon entry of this Order, counsel for Warren's Estate shall enter their appearances in this action.

**IT IS FURTHER ORDERED** that Warren's Estate shall file its Response to Defendant Mid-Continent Casualty Company's pending Motion for Summary Judgment **no later than December 9, 2026.**

**IT IS FURTHER ORDERED** that Defendant Mid-Continent Casualty Company shall file its Reply in support of its pending Motion for Summary Judgment **no later than December 23, 2026.**

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2026.